# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

WILLIAM GALARZA BAERGA,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 17-2202 (MEL)

## OPINION AND ORDER

Pending before the court is William Galarza Baerga's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits. Plaintiff—who applied for disability alleging back pain, emotional problems, kidney stones, back spurs, and migraines—challenges the administrative law judge's decision with regard to steps three and four of the sequential process.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed an application for Social Security benefits alleging that on April 13, 2010 ("the onset date"), he became unable to work due to disability. Tr. 645.[1] Plaintiff met the insured status requirements of the Social Security Act through March 31, 2015. Tr. 39. Prior to becoming unable to work, Plaintiff was a sales clerk, customer service representative, cashier, and manager. Tr. 50. The claim was denied on April 23, 2013, and upon reconsideration. Tr. 37. Thereafter, Plaintiff requested a hearing, which was held on November 18, 2015 before Administrative Law Judge María Núñez (hereafter "the ALJ"). Tr. 58. On May 29, 2015, the ALJ issued a written decision finding that Plaintiff was not "under a disability, as defined in the Social Security Act,

---

[1] "Tr." refers to the transcript of the record of proceedings.

from April 13, 2010, through the date of this decision." Tr. 52. Thereafter, Plaintiff requested review of the ALJ's decision. Plaintiff's request for review was denied by the Appeals Council, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1–3. Plaintiff filed a complaint on September 14, 2017. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 12–13.

## II. LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

2

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether the plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that the plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

## III. THE ALJ'S DETERMINATION

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, April 13, 2010. Tr. 39. At step two, the inquiry as to severe impairments resulted in the ALJ determining that Plaintiff had bilateral carpal tunnel syndrome, bilateral feet spurs, obesity, thoracic, cervical, and lumbar spine disorders, cervical radiculopathy, migraine headaches, and a depressive disorder. Tr. 40. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 41. At step four, the ALJ determined that Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.15679(b) except that he could occasionally lift and carry objects weighing up to 20 pounds; up to 10 pounds frequently. He needed to alternate between sitting and standing, every half hour. He could engage in frequent bilateral handling and fingering. He could occasionally climb stairs, balance, stoop, kneel or crouch. He could never climb ladders or scaffolds, or crawl. He could perform unskilled (SVP 2) level work with no interaction with the public and no more than occasionally interaction with coworkers and supervisors.

Tr. 44. The ALJ then determined that through the date last insured, Plaintiff could not perform any past relevant work. Tr. 50. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience, to a vocational expert. The vocational expert testified, taking all of these factors into account, that an individual would be able to perform the requirements of the following representative occupations: assembler of small products, inspector and hand packager, and pricing tagger. Tr. 51. Because there is work in the national economy that Plaintiff can perform, the ALJ concluded that he is not disabled. Tr. 52.

**IV. ANALYSIS**

If the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments, the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Each listing includes a set of criteria that the plaintiff's impairment or impairments must meet. Plaintiff argues that he meets the requirements of Listing 12.04, which covers affective disorders. Plaintiff also raises several challenges to the ALJ's RFC determination, including an argument that the ALJ failed to support her conclusion that Plaintiff's subjective complaints were not credible.

**1. Plaintiff's claim that his affective disorder meets the requirements of Listing 12.04.**

For an affective disorder to meet Listing 12.04, it must satisfy paragraphs A and B of the listing, or it must satisfy paragraph C.[2] To satisfy paragraph B, an affective disorder must result in at least two of the following: 1) marked restriction of activities of daily living, 2) marked difficulties in maintaining social functioning, 3) marked difficulties in maintaining concentration, persistence, or pace, or 4) repeated episodes of decompensation, each of extended duration. Beninson v. Berryhill, No. 17-CV-371-PB, 2019 WL 831115, at *4 (D.N.H. Feb. 4, 2019).

Plaintiff argues that his affective disorder satisfied paragraph B. ECF No. 12, at 10. Specifically, he argues, without citing to any evidence, that his affective disorder resulted in marked restriction of activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace. Id. at 11.

---

[2] The medical criteria used to evaluate claims involving mental disorders have been revised, effective January 17, 2017. Kreischer v. Berryhill, No. 318CV01034WRNB, 2019 WL 2177916, at *3 (S.D. Cal. May 20, 2019). The revised criteria apply to ALJ decisions issued after that date. The ALJ decision in the case at bar was issued on May 29, 2015, so the revised criteria do not apply.

6

In activities of daily living, the ALJ found that Plaintiff had a mild restriction. Tr. 42. This is because Plaintiff remained independent in his ability to perform daily living activities such as showering and dressing himself. Tr. 398. The ALJ's finding was consistent with those of state agency psychological consultants Dr. Sydnia Rosado and Dr. Jesús Soto. Tr. 532, 552. In social functioning, the ALJ found that Plaintiff had moderate difficulties. Tr. 43. This is because Plaintiff indicated that he spends time with his family on a daily basis and is anxious when alone. Tr. 101, 108, 110. Lastly, with regard to concentration, persistence, or pace, the ALJ found that he had moderate difficulties, consistent with the opinions of Dr. Rosado and Dr. Soto.[3] Tr. 43, 532, 552. Thus, substantial evidence supports the ALJ's step three finding.

**2. The ALJ's RFC Determination.**

Plaintiff raises several challenges to the ALJ's RFC determination. First, Plaintiff contends, without citing to any evidence, that he has limitations in handling and grasping due to carpal tunnel syndrome. However, as the ALJ noted, in a March 2013 examination, Plaintiff had no signs of pain, tenderness, swelling, deformities, or atrophy in either of his hands. Tr. 1036. He retained full muscular strength in both hands and had negative Tinel and Phalen signs. Id. He had a full range of motion in his shoulders, elbows, and wrists. Tr. 1038. Further, he was able to grip, grasp, pinch, button a shirt, and pick up a coin using either of his hands and tap and oppose the fingers of both hands. Tr. 1036. Thus, substantial evidence supports the ALJ's finding that Plaintiff can effectively engage in bilateral handling and fingering.

Second, Plaintiff contends, again without citing to any evidence, that he uses a cane for ambulation at all times. However, as the ALJ noted, Plaintiff did not allege that he used an assistive device when he applied for disability benefits. Tr. 112, 130. Despite his allegations of

---

[3] Plaintiff does not object to the opinions of Dr. Rosado and Dr. Soto on the basis that a treating psychologist or psychiatrist reached a different conclusion about his affective disorder.

7

bilateral foot spurs, he continued to drive at the time of his application. Tr. 108, 126. At the March 2013 examination, Plaintiff did not use an assistive device. Tr. 1034. He did not limp, and his gait and station were normal. Id. Thus, substantial evidence supports the ALJ's finding that Plaintiff has no difficulties walking.

Third, Plaintiff contends that he can only lift or carry less than 10 pounds, that he is limited to standing and walking for less than 30 minutes a day, and that he is unable to stoop. These challenges cannot succeed because Plaintiff cites to no evidence suggesting that the ALJ's assessment that he has the residual functional capacity to perform light work except that he can occasionally lift and carry objects weighing up to 20 pounds and stoop is incorrect.[4]

Fourth, Plaintiff contends that he has muscle spasms and pain in his neck, shoulders, and back. An examination of the relevant portion of the ALJ's opinion reveals that she did not explain how she reached her RFC determination regarding Plaintiff's spine disorders. The ALJ stated that "radiological studies support the presence of degenerative changes across the cervical, thoracic and lumbar spines." Tr. 45. She described Plaintiff's prescriptions, visits to the emergency room, and physical therapy. Id. She summarized Dr. Moraima Vélez's findings that Plaintiff's range of motion was limited. Id. Finally, she stated that Plaintiff saw a neurosurgeon in April 2014 and another doctor in 2015 and described his course of treatment after both visits. Id. What is missing is the link between the information presented and the ALJ's RFC's determination regarding Plaintiff's spine disorders. Such a link is not self-explanatory to the court. Therefore, the ALJ's

---

[4] Plaintiff also contends that he suffers from abdominal pain and difficulty urinating, obesity, and a mental impairment. The ALJ considered Plaintiff's obesity and mental impairment in reaching her RFC determination. Tr. 47–48. As for Plaintiff's abdominal pain and difficulty urinating, the ALJ determined at step three that Plaintiff's kidney stones did not result in more than slight abnormalities in activities of daily living. Tr. 42–43. Plaintiff does not raise an argument to the contrary.

8

RFC determination regarding Plaintiff's spine disorders as written was not supported by substantial evidence.

### a. Plaintiff's claim that the ALJ failed to support her conclusion that Plaintiff's statements concerning his symptoms were not credible.

When assessing the credibility of a plaintiff's asserted symptoms, the ALJ must consider a series of factors. Kratman v. Barnhart, 436 F. Supp. 2d 300, 308 (D. Mass. 2006) (citing Avery v. Secretary of Health and Human Services, 797 F.2d 19, 23 (1st Cir. 1986)). These factors are commonly referred to as the "Avery factors" and include 1) the individual's daily activities, 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms, 3) factors that precipitate and aggravate the symptoms, 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken, 5) treatment, other than medication, the individual receives or has received, 6) any measures other than treatment the individual uses or has used, and 7) any other factors concerning the individual's functional limitations and restrictions. Id.

Plaintiff argues that the ALJ failed to support her conclusion that Plaintiff's statements concerning his symptoms were not credible with any examples and did not thoroughly discuss the Avery factors. ECF No. 12, at 17. Except for the ALJ's treatment of his allegations of muscle spasms and neck, shoulder, and back pain, which is discussed above, Plaintiff is simply incorrect. The ALJ systematically dismantled the credibility of Plaintiff's allegations of nerve entrapment, abnormalities affecting both his feet, manipulative limitations, and somnolence. Tr. 45–47. In so doing, the ALJ discussed Plaintiff's daily activities, pain, medication, and treatment other than medication. Id. While the ALJ did not discuss all seven Avery factors, "the ALJ's failure to discuss those factors not relevant to h[er] credibility determination does not require remand." Cichocki v. Astrue, 534 F. App'x 71, 76 (2d Cir. 2013).

9

## V. CONCLUSION

Based on the foregoing analysis, the Commissioner's decision is **REVERSED IN PART** and **AFFIRMED IN PART**. The decision of the Commissioner regarding Plaintiff's RFC was not based on substantial evidence. Therefore, the Commissioner's decision is **VACATED IN PART** and the case **REMANDED** so that the ALJ may explain how she reached her RFC determination regarding Plaintiff's spine disorders and, if necessary, reconsider. With respect to the ALJ's step three finding and credibility determination regarding Plaintiff's allegations of symptoms other than muscle spasms and neck, shoulder, and back pain, Plaintiff's arguments are rejected and the Commissioner's decision is hereby **AFFIRMED**. This remand does not dictate any outcome with regard to the final finding of disability.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of September, 2019.

s/Marcos E. López  
U.S. Magistrate Judge